Filed 12/13/21  P. v. Lee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARREN LEE,<br><br>    Defendant and Appellant. | C093754<br><br>(Super. Ct. No. CR56910) |

In 1980, defendant Darren Lee was convicted of two counts of murder with firearm enhancements found true, three counts of robbery, one count of burglary, and one count of assault.  The jury instructions allowed for conviction under either the natural and probable consequences doctrine of conspiracy liability for first degree murder and/or the first degree felony-murder rule as it existed in 1980, without any finding that defendant was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life.  In 2019, defendant filed a petition

1

for resentencing pursuant to Penal Code[1] section 1170.95. The trial court denied the petition on the basis that defendant is ineligible for section 1170.95 relief as he failed to set forth a prima facie showing. Defendant appeals, arguing he demonstrated prima facie entitlement to relief, and that the trial court should have issued an order to show cause and conducted an evidentiary hearing. We conclude defendant did make a prima facie showing and will reverse for the trial court to issue an order to show cause under section 1170.95, subdivision (c).

## BACKGROUND

For the reasons established in our discussion, we need not provide considerable detail of the factual background of defendant's crime.

In 1979, defendant, Marty Spears (aka Marty Jackson), Ron Anderson, and Daniel Geisler planned and executed the robbery and assault of Leonard L. Defendant was familiar with the residence where the crimes took place, and prior to their commission defendant explained to Geisler and Jackson how to best carry out the crime, including by directing them to bring firearms.

Also, in 1979, defendant and Jackson went to the home of a man and woman and gained entry by asking for gasoline. They then engaged in a burglary, robbery, and double homicide. Defendant claimed that Jackson had "gone crazy" and hit the man with a baseball bat and stabbed both the man and the woman, and that they had only gone to the home for the robbery. Defendant claimed that when Jackson began attacking the woman, defendant ran from the home.

The jury instructions included conspiracy liability for "first degree" murder, based on a conspiracy to commit robbery or burglary and an act in furtherance of that conspiracy for which first degree murder is "an ordinary and probable result," the

---

[1] Undesignated statutory references are to the Penal Code.

2

equivalent of the natural and probable consequences doctrine applicable to a conspiracy theory of liability. The jury was instructed on malice aforethought murder and on first degree felony-murder based on robbery-murder and burglary-murder. The jury was also instructed on the three charged special circumstances, and at the time the instructions contained only generic language of the charges, and the felony-murder instructions did not include a requirement for intent to kill, nor that the defendant be found to either be the actual killer, acted with intent to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life.

The jury found defendant guilty of two counts of murder (§ 187), that the murders occurred during the commission of a robbery, three counts of robbery (§ 211), one count of burglary (§ 459), one count of assault (§ 245, subd. (a)(1)), and that he committed his crimes while armed with a firearm in violation of section 12022, subdivision (a). After modification on appeal, defendant was sentenced to two concurrent 25-year-to-life terms for the murders, consecutive terms of three years for the robbery of Leonard L., and one year for the firearm enhancement. No time was imposed on the other counts pursuant to section 654.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. Defendant declared he could not be convicted of two counts of first degree murder because of the changes made to section 188 or 189, and that he did not act with reckless indifference to human life or was not a major participant in the murders.

The trial court issued a written ruling, acknowledging that the jury instructions at defendant's trial had, "allowed for conviction under either the natural and probable consequences doctrine of conspiracy liability of first degree murder and/or the first degree felony-murder rule as the first degree felony-murder rule existed in 1980, without any finding that the defendant was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life." Accordingly, the trial court would "determine whether the trial evidence as a matter of

3

law is sufficient for a reasonable trier of fact to now find, beyond a reasonable doubt, that [defendant] is guilty of first or second degree murder based on a theory that has survived [Senate Bill No.] 1437. This is a type of sufficiency of the evidence review that is akin to that undertaken by the reviewing courts on appeal of judgment."

"This type of review has been approved of at the prima facie stage, by the Second District Court of Appeal, Division Six, in *People v. Garcia* (2020) 57 Cal.App.5th 100, *petition for review pending* (Docket No. B300163), which has held that when the record of conviction contains substantial evidence based on which a reasonable trier of fact could find the defendant guilty of murder beyond a reasonable doubt under current law despite the changes made by [Senate Bill No.] 1437, the defendant fails to carry his or her burden of making a prima facie showing that he or she could not presently be convicted of murder because of changes made by [Senate Bill No.] 1437."

The trial court denied the petition prior to issuing an order to show cause, concluding: "At this stage . . . it is [defendant's] burden to set forth a prima facie showing of eligibility for relief . . . [Defendant] has not met his burden of setting forth a sufficient prima facie case for relief, as this court has determined, as set forth above, that the trial evidence is sufficient for a jury to conclude, beyond a reasonable doubt, that [defendant], in committing robbery-murder and burglary-murder, acted as a major participant in the robbery and burglary and acted with reckless indifference to human life in doing so, a theory of first degree murder that is allowed under the [Senate Bill No.] 1437 changes made to Penal Code §§ 188 and 189."

DISCUSSION

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."

4

(Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony-murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing: "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. (§ 1170.95, subd. (b).) Subdivision (c), which dictates how the court must handle the petition, reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for

5

good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Id.*, subd. (c).)

Section 1170.95, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

### *Defendant Has Made a Prima Facie Showing*

Defendant argues the trial court erred in denying his section 1170.95 petition on the basis that defendant could be convicted of murder under a still-valid theory based on substantial evidence. Defendant asserts the correct standard at the prima facie stage of review is whether the record conclusively establishes, as a matter of law, that defendant is ineligible for relief. The People agree with defendant that use of a substantial evidence test at the prima facie stage was error.

Our Supreme Court recently clarified that section 1170.95, subdivision (c) requires only a single prima facie showing and entitles the petitioner to the appointment of counsel upon the filing of a facially sufficient petition. (*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).) Once the court has appointed counsel and received briefing from the parties, it may rely on the record of conviction in determining whether that single prima facie showing has been made. (*Id.* at p. 971.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*People v. Lewis, supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the

6

weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)

"Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; *Drayton, supra*, 47 Cal.App.5th at p. 978.) Once the trial court issues an order to show cause, it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subdivision (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2); *Drayton*, at pp. 980-981.)

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis, supra*, 11 Cal.5th at p. 971), the court need not credit factual assertions that are untrue as a matter of law. (*Drayton, supra*, 47 Cal.App.5th at p. 980). Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971; *Drayton,* at p. 979.)

Defendant's petition pled the facts required by section 1170.95, subdivision (a), and the record of conviction here does not conclusively establish defendant is ineligible for relief as a matter of law. There are no jury findings, prior findings by this court, or any other finding related to defendant's conviction that necessarily found he was the actual killer, had the intent to kill and aided and abetted the actual killer, or was a major participant who acted with reckless indifference to human life.

For defendant to be ineligible for relief then, it must be determined defendant was a major participant acting with reckless indifference to human life. This is a fact-intensive inquiry not appropriate at the prima facie stage. For example, whether the

7

defendant acted with reckless indifference to human life relies on factors such as personal use of any weapons, physical presence at the crime scene and opportunities to restrain the crime and/or aid the victim, and the duration of the felony.  (*People v. Clark* (2016) 63 Cal.4th 522, 618-623; *People v. Banks* (2015) 61 Cal.4th 788, 803 [detailing analysis to determine whether a defendant was a major participant].)  No one factor " 'is necessary, nor is any one of them necessarily sufficient.' " (*Clark,* at p. 618.)

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.


_____\s\_____,
BLEASE, Acting P. J.


We concur:


_____\s\_____,
ROBIE, J.


_____\s\_____,
MAURO, J.

8